# EXHIBIT C

JAMES R. TEDFORD II, ESQ. (S.B.N. 175602)
TEDFORD & ASSOCIATES, P.C.
301 E. Colorado Blvd, Suite 520
Pasadena, California 91101
Telephone:    (626) 793-7270
Facsimile:    (626) 793-7293
ted@tedfordlaw.com

ADRIANOS FACCHETTI, ESQ. (S.B.N. 243213)
LAW OFFICES OF ADRIANOS FACCHETTI, P.C.
4444 W. Riverside Drive, Suite 308
Burbank, California 91505
Telephone:    (626) 793-8607
Facsimile:    (818) 860-7951
adrianos@facchettilaw.com

Attorneys for Plaintiff
ILENE LEFLAND

ELECTRONICALLY FILED
Mariposa Superior Court
10/12/2023 2:58 PM
Kelly Estep
Court Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MARIPOSA

| | |
|---|---|
| ILENE LEFLAND, an individual<br><br>Plaintiff,<br><br>v.<br><br>YOSEMITE VALLEY LODGE, a corporation; YOSEMITE HOSPITALITY, LLC, a corporation; ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP, a limited partnership; and DOES 1 TO 50, inclusive,<br><br>Defendants. | CASE NO:  23-CVPM-0012051<br><br>COMPLAINT FOR DAMAGES:<br><br>1. NEGLIGENCE<br>2. PREMISES LIABILITY |

-1-

COMPLAINT FOR DAMAGES

Plaintiff, ILENE LEFLAND alleges as follows:

1.     PLAINTIFF ILENE LEFLAND ("PLAINTIFF") is, and at all times mentioned herein was, an individual residing in the State of Connecticut.

2.     PLAINTIFF alleges on information and belief that Defendant YOSEMITE VALLEY LODGE ("LODGE") is, and at all times mentioned herein was, a corporation incorporated in the state of Delaware that does business in the County of Mariposa, State of California.

3.     PLAINTIFF alleges on information and belief that Defendant YOSEMITE HOSPITALITY, LLC ("HOSPITALITY") is, and at all times mentioned herein was, a corporation incorporated in the state of Delaware that does business in the County of Mariposa, State of California.

4.     PLAINTIFF alleges on information and belief that Defendant ARAMARK MANAGEMENT ("ARAMARK") is, and at all times mentioned herein was, a corporation incorporated in the state of Delaware that does business in the County of Mariposa, State of California.

5.     The true names and capacities of DEFENDANTS sued herein as DOES 1-50, inclusive, whether individual, corporate, or otherwise, are unknown at this time to PLAINTIFF, who therefore sues such DEFENDANTS by such fictitious names. PLAINTIFF will seek leave of the Court to amend this Complaint to state their true names and capacities when same have been ascertained. PLAINTIFF alleges on information and belief that each Defendant named herein as a DOE is responsible in some manner for each and every act and any and all conduct set forth in this Complaint.

6.     As used herein, the term "DEFENDANTS" shall mean and include the named DEFENDANTS and each and every DOE defendant.

7.     PLAINTIFF alleges on information and belief that at all times mentioned herein each of the DEFENDANTS, including the DOE DEFENDANTS, was a principal, officer, director, representative, alter ego, employees, contractors, and/or agents of DEFENDANTS and/or coconspirator of each of the other DEFENDANTS and in such capacity participated in the acts

-2-

COMPLAINT FOR DAMAGES

and/or conduct alleged herein and incurred the obligations set forth in this Complaint.

8.    PLAINTIFF alleges on information and belief that each of these DEFENDANTS in some manner, whether intentionally or negligently, or by commission or by omission, or otherwise, has or have caused and/or contributed to the acts and/or omissions complained of in this pleading, and these DEFENDANTS, and each of them, are equitably, legally, or otherwise responsible for the irreparable harm and/or damages sustained by PLAINTIFF as alleged in this pleading.

9.    PLAINTIFF alleges on information and belief that, at all times relevant, each of the specifically-named DEFENDANTS and each of the fictitiously named DEFENDANTS in this action was and now is the servant, employee contractor, and/or agent of DEFENDANTS, partner, representative, guarantor, and/or alter ego of the remaining DEFENDANTS, and each of them, and in doing the things alleged in this pleading, were acting within the scope of his, her or its authority as a servant, principal, employees, contractors, and/or agents of DEFENDANTS, partner, representative, guarantor, or alter ego, and with the permission, consent and ratification of the remaining DEFENDANTS, and each of them.

10.    PLAINTIFF alleges on information and belief that each of the specifically-named DEFENDANTS and each of the fictitiously named DEFENDANTS ratified, approved, and accepted the benefits of the acts of each of the remaining DEFENDANTS alleged in this pleading, with knowledge of the nature and consequences of such acts.

11.    PLAINTIFF alleges on information and belief that, in committing the acts and in making the omissions alleged herein, and in following the course of conduct alleged below, each of the specifically-named DEFENDANTS and each of the fictitiously named DEFENDANTS aided, abetted, joined, conspired and acted in concert with each of the other DEFENDANTS, and all of them.  As a result, each and every DEFENDANT is therefore jointly and severally liable, with each and every other DEFENDANT, and all of them, for the equitable and other relief PLAINTIFF seeks to recover by this pleading.

/ / /

/ / /

-3-

COMPLAINT FOR DAMAGES

## ALLEGATIONS COMMON TO ALL COUNTS

12.    On October 20, 2021, PLAINTIFF was a paying invitee of DEFENDANTS' premises, Yosemite Valley Lodge in Yosemite National Park, 9006 Yosemite Lodge Drive, Yosemite National Park, California 95389 ("PREMISES").

13.    The basis for this complaint is an incident ("INCIDENT") in which the Plaintiff tripped over a concealed concrete slab on the PREMISES outside her hotel room.



The slab was not readily visible because the adjacent light bulb was out, depriving the area of proper illumination. Additionally, it is alleged that the concrete slab was not initially intended to be a step. It appears that the grass covering this area was not maintained, leading to its death, and subsequent soil erosion created an unintended elevation change. This unforeseen elevation change caused the PLAINTIFF to fall and fracture her left ankle.

14.    At around 7:00 p.m., PLAINTIFF and her husband exited their hotel room to have dinner at the lodge cafeteria. The sun had already set, and it was dark out. The light located outside of the front door did not have an operating light bulb. As a result, PLAINTIFF was unable to see

-4-

COMPLAINT FOR DAMAGES

the ledge of a concrete slab, causing her to fall and injure her left ankle. The INCIDENT was immediately reported to the front desk staff. When PLAINTIFF returned to her room, the light bulb had been replaced.

15.    As a direct and proximate result of the fall, the PLAINTIFF sustained a nonunion distal fibula fracture and experienced split tearing in both the brevis and longus tendons in her left ankle. She subsequently underwent a left ankle arthroscopy with extensive debridement. Despite receiving further treatment post-surgery, she continues to experience symptoms and is likely to suffer from permanent pain. As a result, PLAINTIFF is expected to require substantial ongoing medical care for the remainder of her life.

## FIRST CAUSE OF ACTION

## (NEGLIGENCE - AGAINST ALL DEFENDANTS)

16.    PLAINTIFF incorporates paragraphs 1 through 15 inclusive into this cause of action as if fully set forth and re alleged herein.

17.    PLAINTIFF alleges on information and belief that DEFENDANTS, and each of them owned/leased/occupied/controlled the PREMISES.

18.    On or about October 20, 2021, at approximately 7:00 p.m., PLAINTIFF was lawfully upon the PREMISES as an invitee as a guest of the LODGE.

19.    At the aforementioned date, time and place, DEFENDANTS, and each of them, knew or reasonably should have known, or had constructive knowledge, that a dangerous condition existed on the PREMISES.

20.    The employees, contractors, and/or agents of DEFENDANTS owed PLAINTIFF a duty to maintain the property in a reasonably safe condition under the circumstances. The employees, contractors, and/or agents of DEFENDANTS of the LODGE had a duty to inspect, maintain, repair and warn of the dangerous conditions presented by the concrete slab.

21.    Those employees, contractors, and/or agents of DEFENDANTS knew or should have known of the dangerous condition presented by a concrete slab that was not illuminated and an area where the grass had not been maintained. Due to the inadequate lighting and poor maintenance, a person exercising reasonable care would not have noticed the concrete slab.

COMPLAINT FOR DAMAGES

22.    The LODGE should have expected visitors to exit their rooms at night. Despite this, they did not ensure that the patio light, which typically illuminates the patio and concrete slab, was functioning properly. Additionally, they failed to maintain the grass in that area.

23.    Moreover, the employees, contractors, and/or agents of DEFENDANTS were aware of the danger from the non-functional light, as evidenced by the fact that the light bulb was replaced by the time the PLAINTIFF returned to the room.

24.    DEFENDANTS and each of them negligently or willfully hired, trained, supervised, and retained its/their employees, contractors, and/or agents of DEFENDANTS, causing foreseeable injury to PLAINTIFF.

25.    On information and belief, DEFENDANTS and each of them knew or should have known of the unfitness of its/their employees, contractors, and/or agents and/or failed to exercise reasonable care to discover the unfitness before hiring or retaining the employees, contractors, and/or agents of DEFENDANTS.

26.    At the aforementioned date, time and place, PLAINTIFF was walking on the PREMISES and as a direct and proximate result of the aforementioned negligence, carelessness, recklessness, and unlawfulness of DEFENDANTS, and each of them, PLAINTIFF was caused to fall while on the PREMISES, which caused permanent injury to the PLAINTIFF.

27.    As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and unlawful conduct of DEFENDANTS, and each of them, and the resulting fall, as aforesaid, PLAINTIFF sustained severe and serious injury to her person, all to PLAINTIFF's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

28.    By reason of the foregoing, this PLAINTIFF has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and PLAINTIFF has been compelled to incur expenses for medicines, x-rays, and other medical supplies and services. PLAINTIFF is informed and believes, and thereon alleges, that further services of such nature will be required by PLAINTIFF in an amount to be shown according to proof.

29.    As a direct, legal and proximate result of the aforesaid negligence of DEFENDANTS, and each of them, PLAINTIFF has been prevented from engaging in her usual

COMPLAINT FOR DAMAGES

physical activity, the duration and extent of which is as yet undetermined, and PLAINTIFF is informed and believes and upon such information and belief alleges that he will be prevented from attending to her usual occupation for an indefinite period of time in the future and will incur an a loss of income, and when such amounts have been ascertained, PLAINTIFF will ask leave of the Court to amend this Complaint and allege such amounts.

30.     In doing the foregoing, DEFENDANTS, and each of them, acted with fraud, oppression, malice and despicably with the intent to cause injury to PLAINTIFF and with a conscious disregard of the rights of PLAINTIFF, in that DEFENDANTS, and each of them, had actual notice of the dangerous condition but neglected, ignored and refused to correct such condition.  DEFENDANTS, and each of them, thereby have subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF's rights, thereby entitling PLAINTIFF to an award of exemplary and punitive damages against DEFENDANTS, and each of them.

**SECOND CAUSE OF ACTION**

**(PREMISES LIABILITY - AGAINST ALL DEFENDANTS)**

31.     PLAINTIFF incorporates paragraphs 1 through 30 inclusive into this cause of action as if fully set forth and re alleged herein.

32.     PLAINTIFF alleges on information and belief that DEFENDANTS, and each of them owned/leased/occupied/controlled the PREMISES.

33.     On or about October 20, 2021, at approximately 7:00 p.m., PLAINTIFF was lawfully upon the PREMISES as an invitee.

34.     At the aforementioned date, time and place, DEFENDANTS, and each of them, knew or reasonably should have known, or had constructive knowledge, of the dangerous condition. Nevertheless, DEFENDANTS, and each of them, intentionally, negligently, carelessly, recklessly and unlawfully failed to maintain the PREMISES and failed to take reasonable steps to maintain, prevent, warn or correct the dangerous condition to make the PREMISES safe for PLAINTIFF, other invitees, and for other persons coming onto the PREMISES, specifically, the concrete slab that was not illuminated and the grass that was not maintained.

///

-7-

COMPLAINT FOR DAMAGES

35.    On information and belief, employees, contractors, and/or agents of DEFENDANTS were employed by DEFENDANTS as contractors and/or maintenance personnel on the PREMISES, and in their capacity as contractors and/or maintenance personnel, negligently installed, maintained, or repaired the light fixture; and negligently maintained the grass, which resulted in an unsafe and dangerous condition. DEFENDANTS knew or should have known that the dangerous condition would subject those on the PREMISES to unreasonable harm or danger of injury.

36.    Further, on information and belief, DEFENDANTS failed to properly inspect or manage the premises, and hired inexperienced, incompetent and unlicensed contractors and/or maintenance personnel to maintain and make needed repairs to the property, including the subject PREMISES.

37.    The DEFENDANTS, and each of them, knew or should have known that visitors would exit their rooms at night. Despite this, they did not ensure that the patio light, which typically illuminates the patio and concrete slab, was functioning properly. Additionally, they failed to maintain the grass in that area.

38.    The cost to inspect and repair a light bulb and to maintain the area around the concrete slab would have been minimal, especially when compared to the cost of human injury.

39.    At the aforementioned date, time and place, PLAINTIFF was walking on the PREMISES and as a direct and proximate result of the aforementioned negligence, carelessness, recklessness, and unlawfulness of DEFENDANTS, and each of them, PLAINTIFF was caused to fall while on the PREMISES.

40.    As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of DEFENDANTS, and each of them, and the resulting fall, as aforesaid, PLAINTIFF sustained severe and serious injury to her person, all to PLAINTIFF's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

41.    By reason of the foregoing, this PLAINTIFF has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and PLAINTIFF has been compelled to incur expenses for medicines, x-rays, and other medical supplies and

COMPLAINT FOR DAMAGES

services. PLAINTIFF is informed and believes, and thereon alleges, that further services of such nature will be required by PLAINTIFF in an amount to be shown according to proof.

42.    As a direct, legal and proximate result of the aforesaid negligence of DEFENDANTS, and each of them, PLAINTIFF has been prevented from engaging in her usual physical activity, the duration and extent of which is as yet undetermined, and PLAINTIFF is informed and believes and upon such information and belief alleges that he will be prevented from attending to her usual occupation for an indefinite period of time in the future and will incur an a loss of income, and when such amounts have been ascertained, PLAINTIFF will ask leave of the Court to amend this Complaint and allege such amounts.

43.    In doing the foregoing, DEFENDANTS, and each of them, acted with fraud, oppression, malice and despicably with the intent to cause injury to PLAINTIFF and with a conscious disregard of the rights of PLAINTIFF, in that DEFENDANTS, and each of them, had notice of the dangerous condition but neglected, ignored and refused to correct such condition. DEFENDANTS, and each of them, thereby have subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF's rights, thereby entitling PLAINTIFF to an award of exemplary and punitive damages against DEFENDANTS and each of them.

WHEREFORE, PLAINTIFF, pray for Judgment as follows:

44.    For general damages according to proof;

45.    For special damages according to proof;

46.    For loss of earnings according to proof;

47.    For loss of earning capacity in an amount as hereafter determined;

48.    For exemplary and punitive damages;

49.    For costs of the suit herein incurred;

50.    For such other relief as the court may deem just and proper.

Dated: October 12, 2023

LAW OFFICES OF ADRIANOS FACCHETTI, P.C.

BY: *Adrian Facchetti*

Adrianos Facchetti
Attorneys for ILENE LEFLAND

-9-

COMPLAINT FOR DAMAGES